**No. 25-1836**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DIAMOND WILLIAMS,
Plaintiff–Appellant,

v.

MASTRONARDI PRODUCE-USA, INC.,
Defendant–Appellee.

On Appeal from the United States District Court
for the Eastern District of Michigan, Southern Division

District Court No. 2:24-cv-13195-DML-CI
Hon. David M. Lawson

**BRIEF OF PLAINTIFF–APPELLANT**
**DIAMOND WILLIAMS**

ORAL ARGUMENT REQUESTED

January 7, 2026

CARLA D. AIKENS, P.L.C.

Carla D. Aikens (P69530)
Thameka I. Hall (P79693)
615 Griswold Street, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
(844) 835-2993
*Counsel for Plaintiff–Appellant*

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................................4

JURISDICTIONAL STATEMENT ...............................................................5

STATEMENT REGARDING ORAL ARGUMENT ............................................5

STATEMENT OF THE CASE.......................................................................7

STATEMENT OF FACTS RELEVANT TO THE ISSUES PRESENTED............9

SUMMARY OF ARGUMENT ....................................................................10

STANDARD OF REVIEW .........................................................................11

ARGUMENT ...........................................................................................12

CONCLUSION........................................................................................16

CERTIFICATE OF COMPLIANCE.............................................................17

CERTIFICATE OF SERVICE ....................................................................17

ADDENDUM ..........................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054 (6th Cir. 1995) ....................13

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877 (6th Cir. 1997).................... 10, 12

*Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812 (6th Cir. 2010) ....................11

*Richards v. Jefferson County*, 517 U.S. 793 (1996) ....................12

*Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474 (6th Cir. 1992) ....................10

*Taylor v. Sturgell*, 553 U.S. 880 (2008)....................12

*Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564 (6th Cir. 2008) ....................11

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Whether the district court erred by dismissing this action under claim preclusion where Defendant–Appellee Mastronardi Produce-USA, Inc. was not a party to the earlier action and the record did not establish that it was a privy of the earlier defendant.

2. Whether the district court erred by resolving disputed, fact-intensive privity issues against the plaintiff at the Rule 12(b)(6) stage, particularly where the court acknowledged that the record did not show that Mastronardi-USA controlled the earlier litigation. (R.11, PageID.327).

3. Whether the district court abused its discretion in denying Plaintiff's Rule 59(e) motion for reconsideration after Plaintiff identified clear legal error in the court's claim preclusion analysis. (R.13, PageID.340–42; R.14, PageID.344–45).

## JURISDICTIONAL STATEMENT

The district court had subject-matter jurisdiction over Plaintiff's federal claim under 42 U.S.C. § 1981 pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state-law claims under Michigan's Elliott-Larsen Civil Rights Act pursuant to 28 U.S.C. § 1367.

The district court entered a final judgment dismissing the action with prejudice on July 31, 2025. (R.11, PageID.334). Plaintiff timely moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) on August 28, 2025. (R.13, PageID.338–43). The district court denied that motion on September 12, 2025. (R.14, PageID.344–45).

This Court has appellate jurisdiction under 28 U.S.C. § 1291. The Rule 59(e) motion tolled the time to appeal. Fed. R. App. P. 4(a)(4)(A). Plaintiff timely filed a notice of appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument. Oral argument is warranted because this appeal turns on a legal question: whether claim preclusion/res judicata can bar suit against a nonparty at the Rule 12(b)(6) stage based on judicially noticeable records, and because argument will assist the Court in addressing the

district court's privity/nonparty-preclusion analysis and the effect of the prior case dismissal.

## STATEMENT OF THE CASE

This appeal concerns a threshold preclusion ruling, not the merits of Ms. Williams's discrimination and retaliation claims. Ms. Williams alleges that she experienced race- and gender-based harassment and retaliation while working at a produce warehouse in Livonia, Michigan. (R.11, PageID.315–16).

### A. Prior litigation against Mastronardi Canada

In the earlier action, Mastronardi Produce, Ltd. ("Mastronardi Canada") asserted that Ms. Williams sued the wrong entity and that Mastronardi Produce-USA, Inc. ("Mastronardi-USA") was her employer. (R.11, PageID.317–19). During that case, Judge Cox expressly instructed that if Ms. Williams wished to amend, she needed either the defendant's consent or a proper motion for leave. (R.11, PageID.317–18). The Court found that Ms. Williams filed a "conditional" motion to amend, which Judge Cox denied, while stating he was "not prohibiting" a proper motion seeking leave to amend. (R.11, PageID.318; R.11, PageID.330–31). The only issue was as to the name of the party, not as to the substance of the claims. Plaintiff did file a motion to amend the complaint, which Judge Cox denied, as the district court noted, based upon "his order['s] suggest[ion] that the denial was for procedural reasons and because the plaintiff's proposed amended complaint contained inconsistent references to the entity that the plaintiff intended to name as the defendant." (R.11, PageID.330). Judge Cox then converted the

pending Rule 12(c) motion into one for summary judgment and entered judgment for Mastronardi Canada, holding (among other things) that Mastronardi Canada was not Ms. Williams's employer and that the complaint did not plead a joint-employer theory. (R.11, PageID.319–20, 330). Ms. Williams did not appeal that ruling, because she had already filed a new complaint against the present Defendant, after Mastronardi Canada would not agree to an amendment. (R.11, PageID.319).

**B. This action against Mastronardi-USA**

A few hours before Judge Cox entered final judgment in the earlier action, Ms. Williams filed this action naming Mastronardi-USA as the sole defendant. (R.11, PageID.319). The complaint alleges that Mastronardi-USA is a subsidiary of Mastronardi Canada and that the entities were joint employers. (R.11, PageID.319).

Mastronardi-USA moved to dismiss on February 19, 2025 based on claim preclusion (res judicata). (R.11, PageID.320; R.13, PageID.339). After oral argument, the district court granted the motion and dismissed the complaint with prejudice on July 31, 2025. (R.11, PageID.334). The court held that the earlier judgment in favor of Mastronardi Canada bars this suit against Mastronardi-USA because the entities were in "privity," and the claims arose from the same nucleus of facts. (R.11, PageID.324–25, 332–33).

Ms. Williams moved for reconsideration under Rule 59(e), explaining that Sixth Circuit claim preclusion law requires the same parties or true privies and that corporate affiliation plus overlapping counsel is insufficient to bind a distinct nonparty. (R.13, PageID.340–42). The district court denied reconsideration on September 12, 2025. (R.14, PageID.344–45).

## STATEMENT OF FACTS RELEVANT TO THE ISSUES PRESENTED

The facts material to this appeal are procedural and undisputed.

The earlier action ended in a final judgment for Mastronardi Canada after the court concluded that Mastronardi Canada was not Ms. Williams's employer and that the complaint did not plead a joint-employer theory. (R.11, PageID.319–20, 330).

The present action names Mastronardi-USA as the defendant and alleges that it was Ms. Williams's employer (or joint employer). (R.11, PageID.319).

In dismissing this case, the district court acknowledged that:

> The record here does not support the proposition that Mastronardi-USA, the subsidiary, assumed control of the prior litigation against its parent. The question of the identity of interests between the two also presents some complications for the defendant, although they are not insurmountable.

(R.11, PageID.327). Nevertheless, the district court held that claim preclusion nevertheless applies because the entities have a "close and significant relationship," they share counsel, and Ms. Williams had multiple opportunities to add Mastronardi-USA to the earlier suit. (R.11, PageID.327–28, 331, 333).

## SUMMARY OF ARGUMENT

The district court dismissed this case at the pleading stage on claim preclusion grounds even though the defendant here was not a party to the earlier action and the court expressly acknowledged that the record did not show that Mastronardi-USA controlled the earlier litigation. (R.11, PageID.327). That legal conclusion cannot be squared with Sixth Circuit precedent.

Claim preclusion in this Circuit requires, among other elements, a subsequent action between the same parties or their privies. *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). Corporate affiliation does not automatically create privity. *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 481–82 (6th Cir. 1992). The district court instead adopted a broader out-of-circuit standard that permits claim preclusion based on a "close and significant relationship" plus the court's view that the plaintiff should have joined the new defendant earlier. (R.11, PageID.324–25, 328). That approach effectively

removes the "same parties or privies" limitation and converts claim preclusion into a mandatory joinder rule.

At minimum, privity is fact-intensive. Because the record did not establish control, representation, assumption of liabilities, or another recognized basis for binding Mastronardi-USA to the earlier judgment, dismissal with prejudice at the Rule 12(b)(6) stage was error. The judgment should be reversed and the case remanded for adjudication on the merits.

## STANDARD OF REVIEW

This Court reviews de novo a Rule 12(b)(6) dismissal, including dismissals based on claim preclusion where the defense is apparent from the pleadings and judicially noticeable records. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010); *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). The denial of a Rule 59(e) motion is reviewed for abuse of discretion. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 328 (6th Cir. 2011). A district court abuses its discretion when it relies on clearly erroneous factual findings or applies an erroneous legal standard. *Intera*, 428 F.3d at 620.

# ARGUMENT

## I. Claim Preclusion Does Not Bar This Action Because Mastronardi-USA Was Not A Party To The Earlier Action And The Record Does Not Establish Privity As a Matter of Law.

### *A. The "Same Parties or Privies" Element Is Mandatory.*

*Res judicata*, or claim preclusion, applies only when four elements are met: (1) a final decision on the merits; (2) a subsequent action between the same parties or their privies; (3) an issue that was or should have been litigated; and (4) identity of causes of action. *Bittinger*, 123 F.3d at 880. The second element matters because claim preclusion is not a free-floating fairness doctrine; it is a rule of judgment finality that binds only the parties (and true privies) to the prior judgment. *See*, e.g., *Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008) (rejecting nonparty preclusion theories untethered to recognized categories); *Richards v. Jefferson County*, 517 U.S. 793, 797 (1996) (due process limits the binding effect of judgments on nonparties).

Here, Mastronardi-USA was not a party to the earlier action. (R.11, PageID.315–16, 319). The district court therefore could dismiss this action only if Mastronardi-USA is a privy of Mastronardi Canada in the sense required by Sixth Circuit law.

### B. *Sixth Circuit Privity Requires More Than Corporate Affiliation And Overlapping Counsel.*

The Sixth Circuit has rejected blanket findings of privity based on parent–subsidiary status. *Sanders Confectionery*, 973 F.2d at 481–82. Privity requires a substantial identity of interests and (critically) some basis to conclude that the nonparty's interests were adequately represented or that the nonparty controlled or was bound up in the prior litigation in a way that makes it fair and lawful to treat it as the same party. *Id*.; *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 43 F.3d 1054, 1070 (6th Cir. 1995).

The district court did not find – because it could not find on this record –that Mastronardi-USA controlled the earlier litigation. To the contrary, the court stated that the record does not support a conclusion that Mastronardi-USA "assumed control of the earlier litigation." (R.11, PageID.327). That acknowledgement undercuts any conclusion that Mastronardi-USA was adequately represented in the earlier action under Sixth Circuit standards. To wit, if it had been then Defendant should not have bene allowed to argue both that Mastronardi Canada was the wrong party, to the point of dismissal on summary judgment, and then turn around and argue when convenient to do so that the two are in essence the same entity. Such gamesmanship should not be rewarded.

### *C. The District Court's Reliance On A "Close Relationship / Good Reasons" Test Is Not Sixth Circuit Law and Cannot Substitute For Privity.*

The district court imported a nontraditional approach from out-of-circuit decisions, reasoning that courts should ask whether the new defendant has a "close and significant relationship" with the earlier defendant and whether the plaintiff had "good reasons" for failing to sue the new defendant earlier. (R.11, PageID.324–25). It then described that approach as "better" than a control-based privity analysis, expressly stating that under the "better approach" it was not necessary to show that the earlier defendant controlled the later defendant. (R.11, PageID.328).

But Sixth Circuit claim preclusion law does not dispense with the "same parties or privies" element. Bittinger, 123 F.3d at 880. Nor does it allow privity to rest on the plaintiff's supposed litigation missteps (such as not amending in the earlier case). The consequence of the district court's approach is to create a mandatory joinder regime: fail to join every related corporate entity the first time, and the second suit is barred – regardless of whether the later defendant was actually bound by, controlled, or represented in the earlier judgment. That is not claim preclusion as this Court applies it.

## II. Even If Privity Can Sometimes Be Shown For Corporate Affiliates, It Cannot Be Resolved Against The Plaintiff On This Rule 12(B)(6) Record.

The district court relied primarily on (1) corporate affiliation, (2) shared counsel, and (3) the court's view that Ms. Williams had ample opportunities to amend and lacked "good reasons" for filing a second suit. (R.11, PageID.327–28, 331).[1] None of those establishes privity as a matter of law.

First, corporate affiliation alone is insufficient under *Sanders Confectionery*. 973 F.2d at 481–82. Second, overlapping counsel does not establish control or adequate representation; it is fully consistent with separate entities coordinating defenses while pursuing distinct (and sometimes adverse) interests. Third, claim preclusion is not a sanction for failing to amend, and the record confirms that the earlier proceedings never adjudicated any discrimination claim against Mastronardi-USA. (R.11, PageID.319–20).

At minimum, privity is fact-bound. Here the district court itself identified "complications" in applying preclusion and acknowledged the absence of record evidence of control. (R.11, PageID.327). Where the record does not establish control, representation, assumption of liabilities, or another recognized basis for

[1] The district court took issue with the joint employer pleading, not acknowledging that plaintiff's complaint in this matter had been filed before the judgment came out in the first case. Further, there is no legal authority for the proposition that the mere fact that one defendant may be dismissed as the "joint employer" means that a separate entity had no responsibility for its employment actions, as a result.

binding Mastronardi-USA to the prior judgment, dismissal with prejudice at the pleading stage was error.

### III. The Order Denying Reconsideration Should Be Vacated If This Court Finds Legal Error In The Underlying Dismissal.

Ms. Williams's Rule 59(e) motion argued that the dismissal rested on a clear error of law because Sixth Circuit precedent requires the same parties or their legal privies and rejects privity based solely on corporate affiliation. (R.13, PageID.340–42). The district court denied reconsideration on the ground that the motion rehashed arguments. (R.14, PageID.344–45). But where the underlying judgment rests on a legal error, reconsideration should be granted to correct that error. *Intera*, 428 F.3d 605, 620 (6th Cir. 2005).

## CONCLUSION

For the foregoing reasons, Plaintiff–Appellant respectfully requests that this Court reverse the judgment of dismissal and remand for further proceedings on the merits.

Date: January 7, 2026

Respectfully submitted,

/s/ Carla D. Aikens
Carla D. Aikens (P69530)
Carla D. Aikens, PLC
615 Griswold St., Suite 709
Detroit, MI 48226
(844) 835-2993
carla@aikenslawfirm.com

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) because it contains 1,992 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: January 7, 2026 /s/ Carla D. Aikens

## CERTIFICATE OF SERVICE

I certify that on January 7, 2026, I served this brief on all counsel of record via the Court's CM/ECF system.

/s/ Carla D. Aikens

# ADDENDUM

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

R.1 – Complaint. (ECF 1)

R.6 – Defendant's Motion to Dismiss (ECF 6)

R.11 – Opinion and Order Granting Motion to Dismiss; Judgment of Dismissal (ECF 11, July 31, 2025).

R.13 – Plaintiff's Motion for Reconsideration (ECF 13, Rule 59(e)).

R.14 – Order Denying Motion for Reconsideration (ECF 14, September 12, 2025).

R.15 – Notice of Appeal (ECF 15, filed September 12, 2025).

R.17 – Transcript of Motion Hearing (ECF 17, June 18, 2025).

R. 28 – Williams v. Mastronardi Produce, Ltd., No. 23-13302 (E.D. Mich.), Opinion and Order (ECF 28, Dec. 2, 2024).

R.29 – Williams v. Mastronardi Produce, Ltd., No. 23-13302 (E.D. Mich.), Judgment (ECF 29, Dec. 2, 2024).