**Case No. 25-1836**

---

**UNITED STATES COURT OF APPEALS**

**FOR THE SIXTH CIRCUIT**

---

DIAMOND WILLIAMS,

*Plaintiff-Appellant*,

v.

MASTRONARDI PRODUCE-USA, INC.

*Defendant-Appellee*.

---

On Appeal from the United States District Court
for the Eastern District of Michigan, Case No. 2:24-cv-13195
The Honorable David M. Lawson

---

**APPEAL BRIEF OF**
**PLAINTIFF-APPELLEE MASTRONARDI PRODUCE-USA, INC.**

CLARK HILL PLC
Maria Fracassa Dwyer
Cynthia M. Filipovich
Robert N. Dare
500 Woodward Avenue
Suite 3500
Detroit, MI 48226
(313) 965-8300
Attorneys for Defendant-Appellee
Mastronardi Produce-USA, Inc.

## **DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST**

Pursuant to Fed. R. App. P. 26.1 and 6th Cir. R. 26.1, Defendant-Appellee, Mastronardi Produce-USA, Inc., makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly-owned corporation?

   No.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

   No.

Respectfully submitted,

s/Cynthia M. Filipovich
Cynthia M. Filipovich
Clark Hill PLC
500 Woodward Ave., Suite 3500
Detroit, MI 48226
(313) 965-8300
Attorneys for Defendant-Appellee
Mastronardi Produce-USA, Inc.

March 4, 2026
Date

## TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... iii

STATEMENT IN SUPPORT OF ORAL ARGUMENT .......... vii

COUNTER-STATEMENT OF JURISDICTION .......... 1

COUNTER-STATEMENT OF THE ISSUES PRESENTED .......... 3

INTRODUCTION .......... 4

STATEMENT OF THE CASE .......... 6

A. Plaintiff's Prior Action – E.D. Mich. Case No. 23-13302. .......... 6

1. Plaintiff's Complaint in the Prior Action. .......... 6

2. Mastronardi Canada's Motion to Dismiss the Prior Action and Compel Arbitration. .......... 7

3. Mastronardi Canada's Answer & Motion for Judgment on the Pleadings in the Prior Action, and Plaintiff's Failure to Properly Seek Leave to Amend Her Complaint in the Prior Action. .......... 8

4. The Court's Opinion and Order Granting Summary Judgment and the Judgment Entered in Favor of Mastronardi Canada in the Prior Action. .......... 12

B. Plaintiff's Subsequent Action – E.D. Mich. Case No. 24-13195. .......... 13

C. Mastronardi USA's Motion to Dismiss the Subsequent Action As Barred by Res Judicata – E.D. Mich. Case No. 24-13195. .......... 16

D. The District Court's June 18, 2025, Hearing on the Motion to Dismiss. .......... 17

E. The District Court's Opinion and Order Granting Mastronardi USA's Motion to Dismiss Based on Res Judicata. .......... 18

F. The District Court's Denial of Plaintiff's Motion for Reconsideration. .......... 19

G. Plaintiff's Factual Misrepresentations Asserted in Her Appeal Brief. .......... 19

SUMMARY OF THE ARGUMENT .......... 21




29674\481508\286731805.v1

ARGUMENT ....................................................................................... 23

I. THE DISTRICT COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT TO MASTRONARDI USA WHERE PLAINTIFF'S SUBSEQUENT ACTION FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS IT WAS BARRED BY RES JUDICATA............................................................ 23

A. Legal Standards Associated With the Application of Res Judicata and Standard of Review. ............................................................ 23

B. The District Court Did Not Err in Concluding that the Second Element of Res Judicata was Satisfied.......................................... 25

1. Principles of Privity. ............................................................ 27

2. The District Court's Opinion. ................................................ 28

3. Privity Exists Between Mastronardi Canada and Mastronardi USA Under Sixth Circuit Precedent. ................... 32

4. Privity Exists Between Mastronardi Canada and Mastronardi USA Under the Purported "Better Approach" as Characterized by the District Court. .................................... 38

5. Plaintiff's Final Unsupported Argument Fails. ........................ 42

II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION BROUGHT PURSUANT TO FED. R. CIV. P. 59(e). ................................ 43

CONCLUSION AND RELIEF REQUESTED ................................................ 45

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ..................................... 46

CERTIFICATE OF SERVICE ........................................................................ 47

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS PURSUANT TO 6th Cir. R. 30(b)........................................................................ 48

# TABLE OF AUTHORITIES

## Cases

*Airframe Systems, Inc. v. Raytheon Co.*,
601 F.3d 9 (1st Cir. 2010) .......................................................... 30, 39, 40, 42

*Allen v. McCurry*,
449 U.S. 90 (1980) ..........................................................................23

*Alliance for Children, Inc. v. City of Detroit Public Schools*,
475 F.Supp.2d 655 (E.D. Mich. 2007) ................................................10

*Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
193 F.3d 415 (6th Cir.1999) .......................................................... *passim*

*Begala v. PNC Bank, Ohio, N.A.*,
214 F.3d 776 (6th Cir. 2000) ..............................................................10

*Benson and Ford, Inc. v. Wanda Petroleum Co.*,
833 F.2d 1172 (5th Cir.1987) ..............................................................28

*Bittinger v. Tecumseh Products Co.*,
123 F.3d 877 (6th Cir. 1997) ........................................................ 24, 38

*Boburka v. Adcock*,
979 F.2d 424 (6th Cir. 1992) ................................................................1

*Brown v. Head*,
2004 WL 2884305 (S.D.N.Y. Dec. 10, 2004) .......................................41

*Brown v. Plansky*,
24 F. Appx. 26 (2d Cir. 2001) .............................................................41

*Brown v. Tidwell*,
169 F.3d 330 (6th Cir. 1999) ................................................................38

*Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*,
56 F.3d 359 (2d Cir. 1995) ...................................................................27

*Davis v. Jellico Community Hosp. Inc.*,
912 F.2d 129 (6th Cir.1990) .................................................................43



29674\481508\286731805.v1

*Directv, Inc. v. Treesh*,
487 F.3d 471 (6th Cir. 2007) ..........25

*Dunlap v. Cottman Transmissions Sys., LLC*,
689 F. Appx 188 (4th Cir. 2017) ..........39

*Elbert v. Carter*,
903 F.3d 779 (8th Cir. 2018) ..........30

*Gambocz v. Yelencsics*,
468 F.2d 837 (3d Cir. 1972) ..........41

*Intera Corp. v. Henderson*,
428 F.3d 605 (6th Cir. 2005) .......... 43, 44

*Johnson v. United States*,
37 Fed. Appx 754 (6th Cir. 2002) ..........24

*Kane v. Magna Mixer Co*.,
71 F.3d 555 (6th Cir. 1995) ..........24

*Keymarket of Ohio, LLC v. Keller*,
483 Fed. Appx 967 (6th Cir. 2012) ..........24

*Langley v. DaimlerChrysler Corp*.,
502 F.3d 475 (6th Cir. 2007) ..........2, 26

*Living Care Alternatives of Kirkersville, Inc. v. United States*,
247 Fed. Appx 687 (6th Cir. 2007) .......... 28, 29, 37

*Lubrizol Corp. v. Exxon Corp*.,
929 F.2d 960 (3d Cir. 1991) ..........39

*McPherson v. Kelsey*,
125 F.3d 989 (6th Cir. 1997) .......... 1, 26, 44

*Migra v. Warren City School District Board of Education*,
465 U.S. 75 (1984) ..........23

*Montana v. United States*,
440 U.S. 147 (1979) ..........25

*Ohio ex rel. Boggs v. City of Cleveland*,
655 F.3d 516 (6th Cir. 2011) ....................25

*Peabody Coal Co. v. Local Union Nos. 1734, 1508, & 1548, UMW*,
484 F.2d 78 (6th Cir. 1973) ....................1

*Ruschel v. Nestle Holdings, Inc*.,
89 Fed. Appx 518 (6th Cir. 2004) ....................11

*Russell v. SunAmerica Sec., Inc*.,
962 F.2d 1169 (5th Cir. 1992) ....................41

*Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*
973 F.2d 474 (6th Cir. 1992) .................... 33, 43

*Shropshire v. Laidlaw Transit, Inc*.,
550 F.3d 570 (6th Cir. 2008) ....................38

*Stryker Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
681 F.3d 819 (6th Cir.2012) ....................24

*Taylor v. Sturgell*,
553 U.S. 880 (2008) .................... 25, 27, 29

*Thomas v. Speedway SuperAmerica, LLC*,
506 F.3d 496 (6th Cir. 2007) ....................26

*Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*,
552 F.3d 430 (6th Cir. 2008) ....................9

*Vulcan, Inc. v. Fordees Corp*.,
658 F.2d 1106 (6th Cir. 1981) .................... 25, 27

*Westwood Chemical Co., Inc. v. Kulick*,
656 F.2d 1224 (6th Cir.1981) ....................24

**Statutes**

42 U.S.C. § 1981 ....................6, 7

Mich. Comp. Laws. Ann. 37.2101, *et seq* ....................6

**Rules**

6th Cir. R. 26.1 .....2
6th Cir. R. 34(a) ..... vi
E.D. Mich. L.R. 7.1(a) .....11
Fed. R. App. P. 26.1 .....2
Fed. R. App. P. 32(a)(5) .....46
Fed. R. App. P. 32(a)(6) .....46
Fed. R. App. P. 32(a)(7)(B) .....46
Fed. R. App. P. 32(a)(7)(B)(iii) .....46
Fed. R. App. P. 34(a) ..... vi
Fed. R. Civ. P. 12(b)(6) ..... 16, 25
Fed. R. Civ. P. 12(c) .....8, 34
Fed. R. Civ. P. 59(e) ..... 19, 43
Fed. R. Civ. P. 52(a) .....25

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Defendant-Appellee Mastronardi Produce-USA, Inc. ("Mastronardi USA") agrees that, in addition to the briefs and record on file, oral argument would aid in the decisional process, and thus respectfully requests oral argument pursuant to Fed. R. App. P. 34(a) and 6th Cir. R. 34(a).

## COUNTER-STATEMENT OF JURISDICTION

Plaintiff's jurisdictional statement fails to note that her Notice of Appeal is limited to an appeal from the district court's order entered on September 12, 2025 – *i.e.*, the district court's order denying Plaintiff's motion for reconsideration.

This Court has found that, "where it can be reasonably inferred from the notice of appeal that the intent of the appellant was to appeal from the final judgment" rather than merely the denial of the motion for reconsideration, the Court may treat the appeal as an appeal from the final judgment, particularly where the appellee has not been misled. *Peabody Coal Co. v. Local Union Nos. 1734, 1508, & 1548, UMW*, 484 F.2d 78, 81 (6th Cir. 1973). The parties each briefed the underlying motion to dismiss, thereby suggesting that appellee Mastronardi USA has not been misled by Plaintiff's limited Notice of Appeal. *See id.; see also Boburka v. Adcock*, 979 F.2d 424, 426 (6th Cir. 1992).

But Plaintiff's appeal brief fails to support her limited arguments with any applicable authority and averts to her "arguments" in a one-or-two-paragraph perfunctory manner. As such, to the extent that the Court concludes that Plaintiff's Notice of Appeal includes an appeal from the district court's Judgment dismissing the case as well as an appeal from the order denying reconsideration, all of Plaintiff's arguments are nonetheless waived for appellate review. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner,

unaccompanied by some effort at developed argumentation, are deemed waived.") (quotation omitted)). This is particularly so where, on appeal, Plaintiff solely challenges the district court's finding as to the second element of res judicata, and thus agrees that the remaining three elements have been satisfied. *See Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (recognizing that a challenge not raised or argued is waived for appellate review).

## COUNTER-STATEMENT OF THE ISSUES PRESENTED

I. TO THE EXTENT THAT THE COURT CONSIDERS PLAINTIFF'S ARGUMENTS THAT ARE WAIVED FOR LACK OF SUPPORT AND ARGUMENTATION, WHETHER THE DISTRICT COURT ERRED IN GRANTING MASTRONARDI USA'S MOTION TO DISMISS BASED ON RES JUDICATA, WHERE PLAINTIFF'S SOLE CHALLENGE TO THE DISTRICT COURT'S DISMISSAL IS THAT NO PRIVITY EXISTS BETWEEN MASTRONARDI CANADA AND ITS WHOLLY OWNED SUBSIDIARY MASTRONARDI USA, AND THE RECORD SHOWS THAT PRIVITY INDEED EXISTS SUCH THAT RES JUDICATA BARRED PLAINTIFF'S SUBSEQUENT ACTION.

II. TO THE EXTENT THAT THE COURT CONSIDERS PLAINTIFF'S SINGLE-PARAGRAPH UNSUPPORTED CHALLENGE TO THE DISTRICT COURT'S DENIAL OF HER MOTION FOR RECONSIDERATION, WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN CONCLUDING THAT PLAINTIFF'S MOTION FOR RECONSIDERATION FAILED TO SATISFY THE REQUIREMENTS OF RULE 59(e) RELIEF, WHERE PLAINTIFF'S ARGUMENTS TO THE DISTRICT COURT WERE SIMPLY A REHASH OF HER UNSUCCESSFUL ARGUMENTS MADE IN OPPOSITION TO THE MOTION TO DISMISS.

## INTRODUCTION

This appeal is before the Court based on Plaintiff's own ill-conceived trial strategy in refusing to properly amend her employment discrimination complaint to include her actual employer Mastronardi USA, a subsidiary of the named defendant Mastronardi Produce, Ltd. ("Mastronardi Canada"), in her original complaint ("Prior Action"), even though she maintains that she pleaded that a joint employer relationship existed between the two entities. Although the district court in the Prior Action repeatedly advised Plaintiff that she could file an amended complaint and even went so far as to detailing the proper method for Plaintiff to do so, Plaintiff refused. And she maintained this position in the face of Mastronardi Canada's motion to dismiss.

But then, just after the district court advised the parties that it was cancelling oral argument on the motion to dismiss, Plaintiff filed an entirely new action ("Subsequent Action"), where, in a word-for-word identical complaint, Plaintiff named Mastronardi USA as the defendant, again making reference to a joint-employer theory. That is, Plaintiff did in the Subsequent Action what she refused to do in the Prior Action by way of an amended complaint – name Mastronardi USA as a defendant.

After the district court dismissed the Prior Action, Plaintiff sought no post-judgment relief, nor did she file a notice of appeal. Instead, she simply proceeded to

serve Mastronardi USA with the Subsequent Action again maintaining that she was proceeding on a joint-employer basis. When Mastronardi USA moved to dismiss the Subsequent Action as barred by res judicata, Plaintiff opposed the motion claiming that none of the elements of res judicata were met.

The district court ultimately disagreed with Plaintiff. At oral argument, the court asked Plaintiff's counsel (the same counsel as in the Prior Action) why she did not simply move to amend her complaint in the Prior Action, and counsel responded because it appeared that the motion for leave to amend would not be granted; yet, Plaintiff also never appealed the dismissal of the Prior Action.

The district court granted Mastronardi USA's motion to dismiss the Subsequent Action based on res judicata, and, on appeal, Plaintiff's challenge to the court's dismissal is solely based on the district court's conclusion that the Mastronardi entities were in privity. Plaintiff's challenges on appeal are averted to a perfunctory manner with no effort at meaningful argumentation nor are they supported by authority. As such, the Court need not consider Plaintiff's arguments, but to the extent that the Court looks beyond Plaintiff's waiver, she fares no better. The district court got it right and thus the Court should affirm the district court's dismissal of the Subsequent Action as barred by res judicata.

## STATEMENT OF THE CASE

### A. Plaintiff's Prior Action – E.D. Mich. Case No. 23-13302.

#### 1. Plaintiff's Complaint in the Prior Action.

On December 29, 2023, Plaintiff Diamond Williams (Plaintiff in the instant case) filed the Prior Action solely against "Mastronardi Produce, Ltd., d/b/a Sunset Foods" ("Mastronardi Canada") in the Eastern District of Michigan under Case No. 23-13302, which was assigned to the Honorable Chief Judge Sean F. Cox. (Prior Action, R.1, PageID ## 1-22) In paragraph 2 of her Prior Action Plaintiff alleged that "Defendant Mastronardi Produce, Ltd. ('Defendant') is a Canadian corporation that does business at 28700 Plymouth Rd, Livonia, MI 48150, with its North American corporate headquarters located at 2100 Road 4 East Kingsville ON N9Y 2E5, Canada." (Prior Action, R. 1, PageID ## 1-2, ¶ 2) Plaintiff further alleged that "Defendant purports to have subsidiaries which are domestic entities, but, upon information and belief, all of the officers of its many subsidiaries work out of the Canadian headquarters." (*Id.*)

In Count I of the Prior Action, Plaintiff sought damages for alleged race discrimination in violation of 42 U.S.C. § 1981. (Prior Action, R. 1, PageID ## 12-14, ¶¶ 90-97) Counts II through VI of Plaintiff's complaint alleged violations of Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws. Ann. 37.2101, *et seq* ("ELCRA") for unlawful race discrimination (Count II), unlawful retaliation

based on gender (Count III), unlawful retaliation based on race (Count IV), unlawful harassment/discrimination based on gender/race (Count V), and unlawful race discrimination (Count VI). (Prior Action, R. 1, PageID ## 14-21, ¶¶ 98-149) As with her count brought under 42 U.S.C. § 1981, Plaintiff's ELCRA claims sought monetary damages under a variety of theories "as a proximate result of Defendant's wrongful acts." (Prior Action, R. 1, PageID # 14, ¶ 97) Thus, all of Plaintiff's claims for which Plaintiff sought damages were against the solely named defendant – i.e., Mastronardi Canada.

**2. Mastronardi Canada's Motion to Dismiss the Prior Action and Compel Arbitration.**

On March 3, 2024, Mastronardi Canada filed a Motion to Compel Arbitration and Dismiss, in which, among other things, Mastronardi Canada asserted, as a factual matter, that Plaintiff had "sued the wrong entity," as Mastronardi USA was Plaintiff's employer. (Prior Action, R. 7) At oral argument on the motion, the Court asked Plaintiff if she had sued the wrong entity and if she was seeking to amend, to which Plaintiff responded: "our position is is [sic] that Mastronardi LTD is the appropriate defendant for that. We – if the Court would find that as a joint employer, MB, MPUSA should be amended, we would, obviously, add that in." (Prior Action, R. 28, PageID # 431, quoting 7/25/24 Hrg Tr) Then, Mastronardi Canada's counsel reiterated that Plaintiff sued the parent corporation of its subsidiary, Mastronardi USA, which is Plaintiff's employer. (R. 28, PageID # 432, quoting 7/25/24 Hrg Tr)

The Court denied Mastronardi's Canada' motion on August 22, 2024. (Prior Action, R. 12)

### 3. Mastronardi Canada's Answer & Motion for Judgment on the Pleadings in the Prior Action, and Plaintiff's Failure to Properly Seek Leave to Amend Her Complaint in the Prior Action.

Beginning on August 23, 2024, the day after the Court denied the motion, Mastronardi Canada's counsel contacted Plaintiff's counsel via email explaining its position, and asking if Plaintiff would agree to substitute Mastronardi Produce – USA, Inc. as the Defendant. (Prior Action, R. 14, PageID # 167, citing R. 14-2, Page ## 192-195) Mastronardi Canada's counsel further advised that it would file a motion under Fed. R. Civ. P. 12(c) if Plaintiff would not agree to substitute the correct defendant; namely Mastronardi USA. (*Id*.)

Mastronardi Canada filed its Answer and Affirmative Defenses on September 5, 2024, to which it attached the Declaration of Krista Shaw, Senior Director of Human Resources at Mastronardi Canada, attesting that, among other things, Mastronardi Canada is the parent organization of Mastronardi USA. (Prior Action, R. 13, PageID ## 141-162; R. 13-1, PageID ## 163-165)

On September 10, 2024, having not received the requested stipulation from Plaintiff, Mastronardi Canada filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (Prior Action, R.14) Mastronardi Canada noted that it had sought concurrence from Plaintiff before filing the motion and concurrence was

denied. (Prior Action, R. 14, PageID ## 167-168) Mastronardi Canada relied upon the Shaw Declaration and asserted that it, the sole named defendant, never employed Plaintiff and the claims against it must therefore be dismissed, even though Plaintiff purportedly claimed that the Mastronardi entities were Plaintiff's joint employers. (Prior Action, R. 14, PageID ## 182-184) Further, Mastronardi Canada argued that to the extent that Plaintiff was attempting to assert some kind of veil-piercing claim to hold Mastronardi Canada liable for the actions of Mastronardi USA, there were no factual allegations in the Complaint to support such a theory and such a theory fails as a matter of law because an attempt to hold a corporate entity liable for actions of another corporate entity is a remedy, not a separate cause of action. (Prior Action, R. 14, PageID # 185-186)

Finally, Mastronardi Canada argued that dismissal of Plaintiff's complaint should be with prejudice and without leave to amend because Plaintiff repeatedly refused Mastronardi Canada's offer to stipulate to an amended complaint nor did Plaintiff seek leave to amend. (Prior Action, R. No. 14, PageID #188, citing *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 438 (6th Cir. 2008))

Plaintiff filed a brief in opposition to Mastronardi Canada's 12(c) motion. (Prior Action, R. 16) Plaintiff acknowledged that her "complaint pleads that she was employed by" Mastronardi Canada and asserted that the motion should be denied

because "viewing the facts in a light most favorable to Plaintiff," Mastronardi [Canada] is Plaintiff's employer." (Prior Action, R. 16, PageID ## 227 & 234) Plaintiff also requested that if the Court was inclined to grant the motion, then, "in the alternative" she be permitted to file an amended complaint "to substitute Defendant with the employing entity." (Prior Action, R. 16, PageID # 228)

The Court then issued an Order Regarding Pending Motion on October 8, 2024, specifically addressing Plaintiff's requested "alternative" relief, and ordering

> If Plaintiff wishes to file an amended complaint, she must either obtain Defendant's consent or leave of Court. Absent consent, Plaintiff must file a formal motion seeking leave to file an amended complaint and, pursuant to the local rules, must attach her proposed amended complaint to that motion. The Sixth Circuit's disfavor of "alternative references" to amending a complaint, in lieu of a properly filed motion for leave to amend, was made clear in *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)." *Alliance for Children, Inc. v. City of Detroit Public Schools*, 475 F.Supp.2d 655, 669 (E.D. Mich. 2007). Simply stated, Plaintiff is not "entitled to an advisory opinion from the Court" on the pending motion, and then an opportunity to amend, if the motion is granted.

(Prior Action, R. 19, PageID ## 252-253) Three days later, on October 11, 2024, Plaintiff filed "Plaintiff's Motion For Leave To File Amended Complaint In Alternative Response To Defendant's Second Motion to Dismiss." (Prior Action, R. 20, PageID ## 254-262; R. 20-1; Page ID ## 263-285) Mastronardi Canada opposed Plaintiff's motion and further argued that, if the Court was inclined to grant leave to amend, leave must be conditioned upon Plaintiff paying Mastronardi Canada's

attorney's fees. (Prior Action, R. 22, Page ID # 324, citing *Ruschel v. Nestle Holdings, Inc*., 89 Fed. Appx 518 (6th Cir. 2004))

On November 8, 2024, the Court issued an Opinion and Order denying Plaintiff's motion for leave to amend for several reasons, including that Plaintiff failed to seek Mastronardi Canada's concurrence before filing the motion as required by E.D. Mich. L.R. 7.1(a). (Prior Action, R. 25; PageID ## 357-368) But the Court also stated that, "To be clear, **this Court is not prohibiting Plaintiff from filing a proper motion seeking leave to amend**." (Prior Action, R. 25, PageID # 364, p 8 n. 2 (emphasis added)) In the same Opinion and Order, the Court indicated that it was converting Mastronardi Canada's 12(c) motion to a motion for summary judgment, and allowed both parties to file supplemental briefs along with matters outside the pleadings "that are relevant to the narrow issue before the Court." (Prior Action, R. 25, PageID # 367)

Notably, despite the Court "clearly" making known to Plaintiff that she was free to file a proper motion for leave to amend, Plaintiff declined to do so. Plaintiff simply filed a supplemental brief in opposition to Mastronardi Canada's motion, to which she attached portions of two separate deposition transcripts from another case, neither of which supported Plaintiff's position. (Prior Action, R. 26, PageID ## 369-372; R. 26-1, PageID ## 373-374; R. 26-2, PageID ## 375-376)

Mastronardi Canada filed its supplemental brief to which it attached 1) Plaintiff's W-2 Wage and Tax Statements from 2020, 2021, 2022, and 2023, all identifying Plaintiff's employer as "Mastronardi Produce-USA, Inc.," located at "28700 Plymouth Road Livonia, MI 48150" (Prior Action, R. 27, PageID ## 377-393); R. 27-4; PageID ## 397-404); and 2) an exhibit of multiple paystubs for Plaintiff, including a recent one for the period ending November 2, 2024, identifying Plaintiff's employer as Mastronardi Produce-USA, Inc. (Prior Action, R. 27-5, PageID ## 405-415) Mastronardi Canada also submitted a "Supplemental Declaration Of Krista Shaw" stating, among other things, that she is the Senior Director of Human Resources for Mastronardi Canada, that Mastronardi Canada is the parent organization for Mastronardi USA, and that she reviewed Plaintiff's complaint and that all of the individuals named in the factual allegations of the complaint whose actions form the bases for Plaintiff's claims are employees of Mastronardi USA. (Prior Action, R. 27-6, PageID ## 416-418)

#### 4. The Court's Opinion and Order Granting Summary Judgment and the Judgment Entered in Favor of Mastronardi Canada in the Prior Action.

On December 2, 2024, the Court issued an Opinion and Order granting summary judgment in favor of Mastronardi Canada. (Prior Action, R. 28, PageID ## 430-444) The Court found that "the evidence establishes that Mastronardi Canada is not Plaintiff's actual employer;" that "Plaintiff's complaint does not allege that



29674\481508\286731805.v1

Mastronardi Canada is liable under a joint-employer theory of liability; that "any attempt by Plaintiff to 'preemptively pierce the corporate veil" fails too." (Prior Action, R. 28, PageID ## 439-443) Accordingly, the Court dismissed Plaintiff's complaint with prejudice. (Prior Action, R. 28, PageID # 444) Judgment in favor of Mastronardi Canada was also entered on December 2, 2024. (Prior Action, R. 29, PageID # 445)

Plaintiff sought no post-judgment relief from the Court, nor did Plaintiff file a notice of appeal. Instead, as described below, on December 2, 2024, just before the Court entered its decision on the pending motion to dismiss, Plaintiff filed a complaint in which the factual allegations and claims are identical to the Prior Action, but naming Mastronardi USA as the defendant ("Subsequent Action").

**B. Plaintiff's Subsequent Action – E.D. Mich. Case No. 24-13195.**

On December 2, 2024, just minutes before the Court entered judgment in favor of Mastronardi Canada in the Prior Action, Plaintiff filed the Subsequent Action against Mastronardi Produce – USA, Inc. ("Mastronardi USA") as a new cause of action in the E.D. of Michigan under Case No. 24-13195, which was assigned to the Honorable Nancy G. Edmunds. (Subsequent Action, R.1, PageID ## 1-23) On the civil cover sheet to her complaint, Plaintiff indicated that "[Previously dismissed case: No] [Possible companion case(s): U.S. District Court for the Eastern District of Michigan, 2:23-cv-13302-SFC-CI, Judge Cox]." (Subsequent Action R. 1,

Docket Entry) On December 6, 2024, an order was entered reassigning the case to the Honorable Chief Judge Sean F. Cox. (Subsequent Action, R. 3, Page ID # 26) Although the summons issued on December 2, 2024, Plaintiff waited until February 13, 2025, to serve a copy of the summons and Subsequent Action on Mastronardi USA.

In paragraph 2 of her Subsequent Action, Plaintiff alleged that "Defendant Mastronardi Produce – USA, Inc. ('Defendant') is a Michigan corporation that does business at 28700 Plymouth Rd, Livonia, MI 48150. It is a subsidiary of Mastronardi Produce, Ltd., a Canadian entity*, and [] upon information and belief, is a joint employer with Mastronardi Produce, Ltd.*" (Subsequent Action, R. 1, PageID ## 1-2, ¶ 2 (emphasis added))

A comparison of the "Factual Allegations" set forth in Plaintiff's Prior Action at paragraphs 7 through 89, (Prior Action, Complaint, R. 1, PageID ## 2-12), with the "Factual Allegations" set forth in Plaintiff's Subsequent Action at paragraphs 6 through 88. (Subsequent Actions, Complaint, R. 1, PageID ## 2-12), shows that the Factual Allegations between the Prior and Subsequent Actions are word-for-word identical.

Likewise, a comparison of Count I for "Racial Discrimination in Violation of 42 USC § 1981" as set forth in Plaintiff's Prior Action at paragraphs 90 through 97, (Prior Action, Complaint, R. 1, PageID ## 12-14), with Count I for "Racial



29674\481508\286731805.v1

Discrimination in Violation of 42 USC § 1981" as set forth in Plaintiff's Subsequent Action at paragraphs 89 through 96, (Subsequent Action, Complaint, R. 1, PageID ## 12-14), shows that the allegations for this count are word-for-word identical between the Prior and Subsequent Action. And the same holds true for Count II for "Discrimination on the Basis of Race in Violation of the Michigan Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq. ("ELCRA");" for Count III for "Retaliation in Violation of the ELCRA (Gender);" for Count IV for "Retaliation in Violation of the ELCRA (Race); Count V for "Gender/Sexual Harassment/Discrimination in Violation of the Michigan Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq. ("ELCRA");" and for Count VI for "Discrimination on the Basis of Race in Violation of the Michigan Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq. ("ELCRA")." That is, the allegations under these identical counts made in the Prior Action and the Subsequent Action are word-for-word identical. (Prior Action, Complaint, R. PageID ## 12-21; Subsequent Action, Complaint, R. 1, PageID ## 12-21) The Subsequent Action contains an additional count, Count VII for "Hostile Workplace Environment in Violation of the Michigan Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq. ("ELCRA")," that is not alleged in the Prior Action. (Subsequent Action, Complaint, R.1, PageID ## 21-22) The "Relief Requested" in the Prior Action and in the Subsequent Action are word-for-word identical. (Prior

Action, Complaint, R. 1, PageID ## 21-22; Subsequent Action, Complaint, R. 1, PageID # 23)

In short, aside from 1) paragraph 7 in the Prior Action alleging diversity jurisdiction in addition to federal question jurisdiction because Mastronardi Canada is a Canadian Corporation and Plaintiff is a resident of Michigan (Prior Action, Complaint, R. 1, PageID # 2), and the Subsequent Action bearing no such allegation; and 2) Count VII pleaded in the Subsequent Action but not pleaded in the Prior Action along with a single sentence alleging "joint employers" in the Subsequent Action, (Subsequent Action, R. 1, PageID ## 2, 21-22), the Prior Action and the Subsequent Action are word-for-word identical, with the one other glaring exception: the sole named defendant.

### C. Mastronardi USA's Motion to Dismiss the Subsequent Action As Barred by Res Judicata – E.D. Mich. Case No. 24-13195.

On February 19, 2025, Mastronardi USA filed a motion to dismiss Plaintiff's Subsequent Action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted given that the Subsequent Action was barred by res judicata. (Subsequent Action, MTD, R. 6, PageID ## 31-197 w/exhibits) Mastronardi USA argued that Plaintiff's Subsequent Action was barred by the Prior Action as 1) a final decision on the merits was issued in the Prior Action by way of the district court's order granting summary judgment to Mastronardi Canada and corresponding judgment, (Subsequent Action, MTD, R. 6, Page ID ## 57-58); 2) the

Subsequent Action is between the same parties or privies as the Prior Action because a parent-wholly owned subsidiary relationship exists between Mastronardi Canada and Mastronardi USA, each are represented by the same counsel, they share corporate officers, and share a common interest in the outcome of the litigation, (*Id.*, Page ID ## 58-62); 3) issues in the Subsequent Action should have been litigated in the Prior Action including the purported joint employer theory (which the Mastronardi entities deny exists) (*Id.*, Page ID ## 62-64); and 4) that an identity of claims existed between the Prior Action and the Subsequent Action, as the Subsequent Action is based on the same verbatim operative facts and same causes of action (with the addition of a state-law hostile workplace environment claim). (*Id.*, Page ID ##65-66)

Plaintiff opposed Mastronardi USA's motion to dismiss claiming that none of the four elements necessary for res judicata to apply were satisfied. (Subsequent Action, MTD Opp, R. 7, Page ID # 207) Mastronardi USA filed its reply, expressly noting the many misrepresentations of fact and law that were set forth in Plaintiff's opposition. (Subsequent Action, MTD Reply, R. 8, Page ID ## 303-309)

### D. The District Court's June 18, 2025, Hearing on the Motion to Dismiss.

On June 18, 2025, the district court held oral argument on Mastronardi USA's motion to dismiss based on res judicata. At the end of the hearing, the court took the

motion under advisement. (Subsequent Action, 6/18/25 Hrg Trans, R. 17, PageID 385, p 38: 24-25)

Of particular importance to this appeal, is the colloquy that occurred between Plaintiff 's counsel and the court. That is, the court asked Plaintiff's counsel, "Why would you not just file . . . a proper motion to amend, as Judge Cox outlined for you . . . . instead of filing a new lawsuit?" (Subsequent Action, 6/18/25 Hrg Trans, R. 17, PageID 369, p 22:13-15) Plaintiff's counsel responded because "[a]ll indications were that he [Judge Cox] was not going to allow that." . . . And . . . trying to appeal that would be a waste of time[.] (6/18/25 Hrg Trans, R. 17, PageID 369, p 22:16-17, PageID 370, p 23:1-3) Plaintiff's counsel specifically noted to the court that, "at the very least, there's a joint employer relationship." (6/18/25 Hrg Trans, R. 17, PageID 368, p 21:13-14)

**E. The District Court's Opinion Granting Mastronardi USA's Motion to Dismiss Based on Res Judicata.**

As further explained in the Argument section, *infra*, on July 31, 2025, the district court found that Mastronardi USA demonstrated that all four elements of res judicata are met, and later that day entered its Judgment in favor of Mastronardi USA. (Subsequent Action, Opinion, R. 11, PageID ## 315-334; Judgment, R. 12, PageID #335) On appeal, Plaintiff solely challenges the district court's opinion finding that the second element of res judicata was met – *i.e.*, that the Subsequent Action is between the same parties or their privies as is the Prior Action.

**F. The District Court's Denial of Plaintiff's Motion for Reconsideration.**

Exactly 28 days after the district court entered its Judgment, Plaintiff moved for reconsideration pursuant to Federal Rule of Civil procedure 59(e). (Subsequent Action, MRecon, R. 13, PageID ## 336-343)

Plaintiff argued that "[t]he Court's dismissal on the basis of res judicata improperly relies on Plaintiff's failure to amend her first complaint to include Defendant, the U.S. subsidiary." (Subsequent Action, MRecon, R. 13, PageID # 340) Plaintiff argued in this regard as to why all four elements of res judicata were not met. (Subsequent Action, MRecon, R. 13, PageID ## 340-343)

On September 12, 2025, the district court denied Plaintiff's motion for reconsideration, finding that Plaintiff's arguments were simply a "rehash" of her previously rejected arguments, such that Plaintiff failed to satisfy the elements of Rule 59(e) relief. (Subsequent Action, Order Denying Recon, R. 14, PageID ## 344-345) This timely appeal ensued. (Subsequent Action, R. 15, NOA, PageID # 346)

**G. Plaintiff's Factual Misrepresentations Asserted in Her Appeal Brief.**

Before proceeding with its arguments as to why the district court should be affirmed, Mastronardi USA notes misrepresentations made by Plaintiff in her appeal brief.

1) "Ms. Williams did not appeal that ruling [the dismissal of the Prior Action], because she had already filed a new complaint against the present

Defendant, after Mastronardi would not agree to an amendment." (Plaintiff's Appeal Brief, p 8, citing "R.11, PageID.319") Plaintiff's citation to "R.11, PageID.319" does not support her assertion. R. 11 is the district court's opinion and Page 319, in no way supports Plaintiff's assertion. Instead, at Page 319, after recognition that Judge Cox converted the 12(c) motion to a Rule 56 motion, the district court stated "[a] few hours before Judge Cox issued the opinion [granting summary judgment], Williams filed the complaint in this case naming Mastronardi Produce-USA, Inc. as the sole defendant."

At oral argument, the district court asked Plaintiff's counsel, "Why would you not just file . . . a proper motion to amend, as Judge Cox outlined for you . . . . instead of filing a new lawsuit?" (6/18/25 Hrg Trans, R. 17, PageID 369, p 22:13-15) Plaintiff's counsel responded because "[a]ll indications were that he [Judge Cox] was not going to allow that." . . . And . . . trying to appeal that would be a waste of time, especially at the point that you can just file another case." (6/18/25 Hrg Trans, R. 17, PageID 369, p 22:16-17, PageID 370, p 23:1-3) (emphasis added)

Plaintiff's counsel went on, "I'm not interested in paying another $400, 600 to appeal, doing all this. . . . [A]s an attorney making a decision, that that [sic] would have a great chance of success of appealing at that point. . . . It's not really something so ground-breaking that the Sixth Circuit is going to want to come in and fix it. At

that point, go ahead, file the complaint[.]"(6/18/25 Hrg Trans, R. 17, PageID 373, p 26:13-21)

2) As to Plaintiff's assertion that Mastronardi Canada "would not agree to an amendment," the record undeniably shows otherwise. Not only did Mastronardi Canada ask if Plaintiff would stipulate to naming Mastronardi USA as a defendant multiple times, including prior filing its 12(c) motion, Plaintiff never sought Mastronardi Canada's concurrence when filing her motion for leave to amend, as pointed out by Judge Cox in denying the motion. So it isn't that Mastronardi Canada would not agree to the amendment, as Plaintiff asserts; rather, Plaintiff never asked Mastronardi Canada to agree. (Prior Action, R. 28, PageID ## 433, 435)

## SUMMARY OF THE ARGUMENT

Plaintiff's sole challenge to the application of res judicata to bar the Subsequent Action is that the district court erred in concluding that the second element of res judicata was met – *i.e.*, Plaintiff solely challenges the court's conclusion that privity exists between the Mastronardi entities.

Mastronardi USA maintains that Plaintiff's arguments on appeal are waived as unsupported by authority or argumentation beyond a perfunctory statement. As such, Plaintiff's arguments, such as they are, provide no basis for the court to reverse.

Beyond that, the district court's conclusory finding that the record does not show that Mastronardi USA controlled the Prior Action ignores the record, such that

privity exists under Sixth Circuit precedent. Indeed, not only does the record show that Mastronardi Canada and Mastronardi USA share corporate officers and share counsel, but the record also shows that Mastronardi USA, through that shared counsel, repeatedly offered to stipulate to an amended complaint naming it as a defendant in the Prior Action, and provided Plaintiff with a legal basis to do so. One can hardly say that a non-party's actions in agreeing to being named as a party-defendant is not sufficient control, particularly when considering that the non-party did so through shared counsel and shared witnesses. Accordingly, privity exists under Sixth Circuit precedent. *See, e.g.*, *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 193 F.3d 415, 422 (6th Cir.1999) (recognizing that privity exists where "a nonparty who controlled the original suit will be bound by the resulting judgment"). Here, but for Plaintiff's ill-conceived trial strategy regarding her improper motions for leave to amend and later refusal to so amend, Mastronardi USA would indeed be bound by the Judgment in the Prior Action, particularly where Plaintiff insists that she was proceeding on a joint employer theory.

Because privity exists under Sixth Circuit law, this Court's review can end here. To the extent that the Court reviews the district court's conclusion that privity exists under a "broader approach" to Sixth Circuit law, the Court must still affirm. The district court correctly found that a close and significant relationship exists between the Mastronardi entities, Mastronardi USA has shown good reasons why it

should have been joined in the Prior Action, and Plaintiff fails show why good reasons exist to justify a second chance.

Finally, contrary to Plaintiff's bald assertions, the district court did not abuse its discretion in denying Plaintiff's motion for reconsideration.

## ARGUMENT

### I. THE DISTRICT COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT TO MASTRONARDI USA WHERE PLAINTIFF'S SUBSEQUENT ACTION FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS IT WAS BARRED BY RES JUDICATA.

#### A. Legal Standards Associated With the Application of Res Judicata and Standard of Review.

The federal courts have traditionally adhered to the related doctrines of res judicata/claim preclusion, and collateral estoppel/issue preclusion. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Claim preclusion" or res judicata, "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1 (1984) "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.... This effect also is referred to as direct or collateral estoppel." *Id*.

Res judicata is an affirmative defense, but may be raised in the context of a motion to dismiss. *See Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1228-

29 (6th Cir.1981) ("[I]t is now clearly established that res judicata can also be raised by motion."). "The fundamental function of the doctrine of res judicata is to prevent the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and from litigating piecemeal the same controversy." *Id*. at 1229. *See also Johnson v. United States,* 37 Fed. Appx 754 (6th Cir. 2002) (same). The objective of the doctrine of res judicata "is to give finality to prior judgments and put an end to litigation." *Westwood Chemical Co*., 656 F.2d at 1229.

"The preclusive effect of a federal-court judgment is determined by federal common law." *Stryker Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 681 F.3d 819, 824 n. 3 (6th Cir.2012) (citation and internal quotation marks omitted). Under federal common law, a party asserting res judicata must establish four elements:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Kane v. Magna Mixer Co*., 71 F.3d 555, 560 (6th Cir. 1995); *see also Bittinger v. Tecumseh Products Co*., 123 F.3d 877, 880 (6th Cir. 1997). The party asserting res judicata "bears the burden of proof." *Keymarket of Ohio, LLC v. Keller*, 483 Fed. Appx. 967, 971 (6th Cir. 2012).

This Court reviews de novo the district court's application of res judicata. *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011). Res judicata, which encompasses both claim and issue preclusion, precludes "parties from contesting matters that they have had a full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)). Likewise, the Court reviews a district court's order granting summary judgment pursuant to Fed. R. Civ. P. 12(b)(6) de novo. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "While all the factual allegations of the complaint are accepted as true, [this Court] need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citations omitted).

Whether privity exists in a given case is a question of fact. *Vulcan, Inc. v. Fordees Corp*., 658 F.2d 1106, 1109 (6th Cir. 1981) (citations omitted). "The scope of [this Court's] review is therefore limited, and [the Court] must uphold the District Court's findings unless they are clearly erroneous." *Id.* (citing Fed. R. Civ. P. 52(a)).

**B. The District Court Did Not Err in Concluding that the Second Element of Res Judicata was Satisfied.**

Plaintiff's challenge to the district court's application of res judicata to bar the Subsequent Action is limited to the district court finding that Mastronardi Canada (defendant in the Prior Action) and its wholly owned subsidiary Mastronardi USA (defendant in the Subsequent Action) are in privity. That is, on appeal, Plaintiff does not dispute that the first element, third element, and fourth element of res judicata

are satisfied. As such, this Court's review is limited to this sole issue. *See Langley*, 502 F.3d at 483 (recognizing that a challenge not raised or argued is waived for appellate review).

Even then, where each of Plaintiff's arguments are limited to one or two paragraph contentions that are unsupported by authority and addressed in a perfunctory manner, all of Plaintiff's arguments as to why the district court purportedly erred are waived for appellate review. *See Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 500 (6th Cir. 2007) (concluding that the plaintiff's "one-paragraph argument contesting the district court's failure to rule on her motion for leave to file an amended complaint [was] short, vague, and unsupported by legal authority" thereby making it "the epitome of a perfunctory argument" and waived for appellate review) (citing *McPherson*, 125 F.3d at 995-96 ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quotation omitted)).

To the extent that the Court considers Plaintiff's arguments, such as they are, she fares no better. The district court correctly found that the second element of res judicata was satisfied and that Subsequent Action thus failed to state a claim.

### 1. Principles of Privity.

In *Taylor v. Sturgell*, 553 U.S. 880, 894 n. 8 (2008), the Supreme Court recognized that "[t]he substantive legal relationships justifying preclusion are sometimes collectively referred to as 'privity,'" but the term has "broad[ened]" and is now known "as a way to express the conclusion that nonparty preclusion is appropriate on any ground." (citations omitted).

This Court has recognized that "[f]ederal courts are no longer bound by rigid definitions of the parties or their privies for purposes of applying res judicata or collateral estoppel." *Vulcan, Inc. v. Fordees Corp.*, 658 F.2d 1106, 1111 (6th Cir. 1981) (citation omitted). "'Privity' is an ambiguous term, a shorthand designation for those persons who 'have a sufficiently close relationship with the record parties to be bound by the judgment.'" *Id.* (citation omitted). *See also Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2d Cir. 1995) (recognizing that "the principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion"). This Court has found that privity exists between 1) "successors in interest to a party will be bound by a judgment against that party;" 2) "a nonparty who controlled the original suit will be bound by the resulting judgment;" or 3) "a nonparty who is adequately represented by a party will also be precluded from

relitigating the same issues." *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 193 F.3d 415, 422 (6th Cir.1999).

In *Becherer*, the Court explained that, with respect to the second category, "'[t]o have control of litigation requires that a person have effective choice as to the legal theories and proofs to be advanced in behalf of the party to the action. He must also have control over the opportunity to obtain review.'" *Becherer*, 193 F.3d at 423 (quoting *Benson and Ford, Inc. v. Wanda Petroleum Co*., 833 F.2d 1172, 1174 (5th Cir.1987) (citation omitted)). Relationships that demonstrate such "control of the litigation" include, "president/sole shareholder and his or her company, a parent corporation and its subsidiary, an indemnitor and its indemnitee, or a liability insurer and an insured." *Id. See also Living Care Alternatives of Kirkersville, Inc. v. United States*, 247 Fed. Appx 687, 697-98 (6th Cir. 2007) (same).

**2. The District Court's Opinion.**

When determining whether the second element of res judicata was satisfied, the district court specifically looked to instances where res judicata is used by successive defendants who were not a party to the original lawsuit. (R. 11, PageID ## 324-327). The court then recognized that such instances "do[] not render the claim preclusion defense any less applicable if there is 'privity.'" (R. 11, PageID ## 324-325, citations omitted) "In fact," the court went on, "some courts have

recognized that 'a lesser degree of privity is required for a new defendant to benefit from claim preclusion.'" (R. 11, PageID ## 325-326 (citations omitted))

The district court then stated that "[t]he Sixth Circuit has recognized a parent-subsidiary relationship as among those relationships where two entities share a sufficient commonality of interest to stand in privity, but it has not specified whether the order [in which] they are sued matters or whether more is required than the existence of the relationship itself." (R. 11, PageID # 327 (citing *Living Care Alternatives of Kirkersville, Inc.*, 247 Fed. Appx at 698, citing *Becherer*, 193 F.3d at 422)) Immediately thereafter, the district court acknowledged the Supreme Court's recognition in *Taylor*, 553 U.S. at 894-95, that "privity requires some indication that the non-party "'assume[d] control over the litigation in which that judgment was rendered' or was 'adequately represented by someone with the same interests who [wa]s a party to the suit.'" (R. 11, PageID # 327)

Then, the court then looked to Mastronardi USA's argument that privity existed between it and Mastronardi Canada given that the latter is the parent company of the former subsidiary. (R. 11, PageID #327) The court found that "the record does not support the proposition that Mastronardi-USA, the subsidiary, assumed control of the prior litigation against its parent." (R. 11, PageID # 327) And the court found that "[t]he question of the identity of interests between the two also presents some complications for the defendant, although they are not



29674\481508\286731805.v1

insurmountable.” (R. 11, PageID #327) Nonetheless, the district court found that “the two entities [Mastronardi Canada and Mastronardi USA] shared the common goal of ensuring that the correct employer was identified[,]” and “share the same attorneys who are directing the litigation[,]” while also noting “the fact that the plaintiff’s complaint identifies the defendant in this action as a joint employer with the defendant in the previous action, suggest[s] some additional level of common interest.” (R. 11, PageID # 328)

Even though the court recognized that this control and commonality existed between the Mastronardi defendants, the court went on to find that, [t]he better approach [to deciding if the second element of res judicata is satisfied] is reflected by the several courts that have adopted the broader theory of non-mutual defensive claim preclusion set out in cases like *Airframe Systems*, which places less of an emphasis on traditional privity.” (R. 11, PageID # 328 (citing *Airframe*, 601 F.3d at 17; *Elbert v. Carter*, 903 F.3d 779, 783 (8th Cir. 2018)).

Applying *Airframe*, *Elbert*, and other similar cases, the court held that Plaintiff’s Subsequent Action was “barred.” (R. 11, PageID # 328) The court cited three reasons in support of its conclusion. First, the court found that the Mastronardi defendants “share a close and significant relationship.” (R. 11, PageID # 329 (citation and internal quotation marks omitted). “In fact,” the court went on, “the

plaintiff as much as concedes that point when she alleges that the two entities are joint employers." (R. 11, PageID # 329 (citing Complaint, ¶ 2)

Second, the court found that "Mastronardi USA amply has demonstrated that it should have been joined in the prior litigation[,] and that Plaintiff "has not shown "any good reasons to justify a second chance." (R. 11, PageID # 329 (citation and internal quotation marks omitted). The court noted that Plaintiff maintained that she had a right to obtain a ruling in the Prior Action as to the identity of the correct defendant – *i.e.*, that she had a right to a determination of her employer's identity, and that Mastronardi Canada should have stipulated to substitute Mastronardi USA after the court issued the summary judgment ruling in the Prior Action. (R. 11, PageID # 329) The court found "elusive" the "logic of these arguments." (R. 11, PageID # 329) And the court found Plaintiff's assertion that she "litigated her case on the theory that the two entities were her joint employer," only "accentuate[d] the oddity of her failure to add Mastronardi USA as a defendant." (R. 11, PageID 329)

The court also disavowed Plaintiff's argument that she was not allowed to amend her complaint in the Prior Action, finding the argument "not a fair characterization of the record." (R. 11, PageID # 330) The court recognized that, in the Prior Action, the court gave Plaintiff "at least three" opportunities to properly amend her complaint, that Plaintiff never availed herself of those opportunities, and that it was "specious for her to suggest that the court in any way hindered her in

doing so." (R. 11, PageID ##330-331) Likewise, the court rejected Plaintiff's accusations that Mastronardi Canada refused to stipulate to an amended complaint. (R. 11, PageID # 331)

Finally, the court found that the second element of res judicata was met because Plaintiff "[did] not convincingly demonstrate[] that 'good reasons' justify a second bite of the apple." (R. 11, PageID # 331 (citation omitted)) The court found that Plaintiff had "not identified any factors that explain her course of conduct in the earlier litigation or that otherwise would justify a second chance," given that Plaintiff had every opportunity to name Mastronardi USA as a defendant in the Prior Action. (R. 11, PageID # 331-332) The court thus concluded that "[t]he privity element of claim preclusion defense is satisfied on this record." (R. 11, PageID # 332)

### 3. Privity Exists Between Mastronardi Canada and Mastronardi USA Under Sixth Circuit Precedent.

In a single-page, two-paragraph argument, Plaintiff laches on to the district court's finding that the record did not show that Mastronardi USA controlled the Prior Action, and claims that, based on this finding, privity does not exist. (Plaintiff's Appeal Brief, p 13) Plaintiff adds that the district court's finding in this regard also undercuts any conclusion that Mastronardi USA was adequately represented in the Prior Action. (Plaintiff's Appeal Brief, p 13) Plaintiff's entire "argument" does nothing more than make a bald reference to *Sanders Confectionary*

*Prods., Inc. v. Heller Fin., Inc.* 973 F.2d 474 (6th Cir. 1992) and *Becherer*, *supra.* (Plaintiff's Appeal Brief, p 13)

Although Mastronardi USA agrees with the district court's ultimate conclusion that the privity element of res judicata is met, Mastronardi USA disagrees with the court's single-sentence finding that "[t]he record here does not support the proposition that Mastronardi USA, the subsidiary, assumed control of the prior litigation against its parent." (*Id*.; R. 11, PageID # 327) It's not surprising that the court provided no reasons for its sweeping finding given that the record shows otherwise. That is, a proper view of the record most certainly shows that Mastronardi USA controlled the Prior Action such that privity exists under Sixth Circuit law.

As indicated, this Court has found that for purposes of res judicata, control of litigation requires that a person have effective choice as to the legal theories and proofs to be advanced on behalf of the party to the action, as well as control over opportunity for review. *Becherer*, 193 F.3d at 423. Relationships where such control exists include "a parent corporation and its subsidiary." *Id.* Here, the record demonstrates Mastronardi USA's control over the Prior Action where, through its shared counsel with Mastronardi Canada, Mastronardi USA repeatedly agreed to stipulate its substitution as the defendant.

To illustrate, in the court's opinion granting summary judgment to Mastronardi Canada in the Prior Action, the court expressly recognized that when

arguing the motion to compel arbitration or to dismiss, Mastronardi Canada's counsel (which is the same counsel that represents Mastronardi USA) argued that Mastronardi USA should be a defendant. (Prior Action, R. 28, PageID # 432 (emphasis added)) The district court went on to recognize defense counsel's further statements with respect to another case pending in the same judicial district where, based on the *same* defense counsel's request, the plaintiff in that case (Plaintiff's own sister) agreed to substitute initially named defendant, Mastronardi Canada, for Mastronardi USA. (Prior Action, R. 28, PageID # 432)

Then, in the same opinion, the district court expressly recognized that,

> Beginning on August 23, 2024, the day after this Court's Opinion and Order was issued, **defense counsel contacted Plaintiff's counsel via email,** explaining its position that Plaintiff's complaint names the wrong entity, **and asking if Plaintiff would agree to substitute Mastronardi Produce – USA, Inc. as the Defendant.** (See ECF No. 14-2). Defense counsel further advised that it would file a motion under Fed. R. Civ. P. 12(c) if Plaintiff would not agree to do so.

(Prior Action, R. 28, PageID ## 432-433 (emphasis added)) With respect to Mastronardi Canada's 12(c) motion, the district court recognized that Mastronardi Canada had sought Plaintiff's concurrence in the motion and that concurrence was denied. (Prior Action, R. 28, PageID #433) The exhibit provided by Mastronardi Canada which allowed the district court to so recognize, was an email chain which Mastronardi Canada attached as Exhibit 1 to its 12(c) motion. (Prior Action, R. 14-

2, PageID ## 192-195) Among other things, this email chain establishes that, on multiple occasions, including but not limited to September 9, 2024 (the day before the 12(c) motion was filed) and September 10, 2024 (the day the 12(c) motion was filed), defense counsel repeatedly offered to stipulate to Mastronardi USA's participation in the Prior Action. (*See, e.g.*, Prior Action, R. 14-2, PageID # 192 from Mastronardi Canada's counsel to Plaintiff's counsel, "This email is to confirm that we did not receive any communication from Plaintiff agreeing to stipulate to the substitution of Mastronardi USA for Mastronardi Produce, Ltd. [Canada].")

Then, in connection with the district court's order converting the 12(c) motion to one for summary judgment and requesting supplemental briefing, Mastronardi Canada provided the supplemental declaration of Krista Shaw, Senior Director of Human Resources for Mastronardi Canada, one of the corporate officers shared with Mastronardi USA. (Prior Action, R. 27-6, PageID ## 416-418) The district court relied on this declaration when granting summary judgment to Mastronardi Canada in the Prior Action, noting that per Ms. Shaw, upon reviewing Plaintiff's complaint and based on her personal knowledge, "'[a]ll of the individuals named in factual allegations of Plaintiff's complaint which form the basis [*sic*] of her claims are current or former employees of Mastronardi USA.'" (Prior Action, R. 28, PageID ## 436-437, quoting R. 27-6, PageID ## 416-418) In connection with its supplemental brief, Mastronardi Canada provided other exhibits upon which the

district court relied in rendering its decision: “1) Plaintiff’s W-2 Wage and Tax Statements from 2020, 2021, 2022, and 2023, all identifying Plaintiff’s employer as “Mastronardi Produce-USA, Inc.,” located at 28700 Plymouth Road Livonia, MI 48150” (ECF No. 27-4); and 2) an exhibit of multiple paystubs for Plaintiff, including a recent one for the period ending November 2, 2024, identifying Plaintiff’s employer as Mastronardi Produce-USA, Inc. (ECF No. 27-5).” (Prior Action, R. 28, PageID ## 436, 440),

The above demonstrates that through its shared counsel with Mastronardi Canada, Mastronardi USA repeatedly offered to stipulate to its substitution as the defendant in the Prior Action, offered proofs to show why it was the correct defendant, and went so far as to advise via a declaration that the actors named as purported wrongdoers in the Prior Action were indeed former and current employees of Mastronardi USA. Where, in an employment discrimination suit, i) an entity is offering to stipulate to its substitution as the named defendant in an active litigation, ii) is confirming through a shared corporate officer that the actors allegedly involve are or were employees of that entity, and iii) did so via shared counsel with the named defendant, it’s difficult to imagine what more could be needed to show that the non-party defendant controlled the litigation.

Said differently, there can be no dispute that Mastronardi USA had an “effective choice as to the legal theories and proofs to be advanced on behalf of the

party to the action [Mastronardi Canada] as well as control over opportunity for review[,]" where the record shows that Mastronardi Canada did not simply argue that the employment action against it should be dismissed; rather, Mastronardi Canada offered to have Mastronardi USA substitute as the defendant. *See Becherer*, 193 F.3d at 423. Mastronardi USA was thus agreeing to the "effective choice" to be substituted as the defendant and provided necessary proofs to justify that choice Indeed, had Plaintiff agreed to such a substitution, the case would have proceeded against Mastronardi USA just as it did in the case brought by Plaintiff's sister in an action pending in the same judicial district. (Prior Action, R. 28, PageID # 432 (recognizing the case brought by Plaintiff's sister, Case Number 23-13313, Tiara Williams v. Mastronardi Produce-USA, Inc.) There can be no clearer indication that, through its shared counsel with Mastronardi Canada, Mastronardi USA controlled the litigation. Indeed, this would hold true even if Mastronardi USA was added as a defendant for purposes of Plaintiff pursuing allegations of the Mastronardi defendants being "joint employers."

Accordingly, where a parent/subsidiary relationship exists between Mastronardi Canada and Mastronardi USA, and where the record undeniably shows that, through the shared counsel, Mastronardi USA controlled the Prior Action, thereby demonstrating the common interest, privity was established under Sixth Circuit law. *See Becherer*, 193 F.3d at 423; *see also Living Care Alternatives of*

*Kirkersville*, 247 Fed. Appx at 697-98. The district court erred in concluding otherwise by failing to consider the entire record. Once that correction is made, the Court need look no further to affirm.[1] *See Brown v. Tidwell*, 169 F.3d 330, 332 (6th Cir. 1999) ("This court can affirm a decision of the district court on any grounds supported by the record, even if different from those relied on by the district court.").

#### 4. Privity Exists Between Mastronardi Canada and Mastronardi USA Under the Purported "Better Approach" as Characterized by the District Court.

To the extent that the Court considers the district court's "broader approach" to privity, the result is no different. In a two-paragraph argument, Plaintiff claims that the district court erred because this "better approach" runs afoul of Sixth Circuit precedent and simply results in a "mandatory joinder" rule. In support of this two-paragraph argument, Plaintiff cites to a single case, *Bittinger*, 123 F.3d at 880 for the proposition that privity is a necessary element of res judicata. (Plaintiff's Appeal Brief, p 14) Plaintiff gets it wrong again.

The district court characterized its analysis as the "better approach" to Sixth Circuit law because, in the court's view, unlike in other cases seeking to impose a

[1] There was no need for Mastronardi USA to file a cross-appeal in order to argue that the Court can affirm under Sixth Circuit precedent. *See Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 571 n.2 (6th Cir. 2008) (stating that it's "only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment") (citation omitted). Indeed, a cross-appeal is "inappropriate when the only relief sought [by the appellee] is an affirmance of the district court judgment." *Id.*

prior adverse judgment on a new plaintiff who was not a party to the prior litigation, in this case a new defendant seeks to impose a prior adverse judgment on the same plaintiff as in the prior litigation. (Subsequent Action, Opinion, R. 11, PageID # 325) In support of this distinction as a basis for its decision, the district court looked to *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991), which recognized that "a lesser degree of privity is required for a new defendant to benefit from claim preclusion." (Subsequent Action, Opinion, R. 11, PageID # 325) The court also cited to *Dunlap v. Cottman Transmissions Sys., LLC*, 689 F. Appx 188, 189 (4th Cir. 2017), which found that "[t]he definition of privity is especially broad when, as here, res judicata is invoked against a plaintiff who has repeatedly asserted essentially the same claims against different defendants." And the court cited to *Airframe Systems, Inc. v. Raytheon Co.*, 601 F.3d 9, 17 (1st Cir. 2010) wherein the First Circuit recognized that it "long held that claim preclusion applies if the new defendant is closely related to a defendant from the original action – who was not named in the previous law suit, not merely when the two defendants are in privity." (Subsequent Action, Opinion, R. 11, PageID ## 325-326).

Applying the purported "better approach," the district court correctly found that Mastronardi Canada and Mastronardi USA share a "close and significant relationship'" as parent and subsidiary. (Subsequent Action, Opinion, R. 11, PageID # 329) Indeed, as the district court also found, Plaintiff effectively "concedes" that



29674\481508\286731805.v1

a "close and significant" relationship exists between the Mastronardi defendants given her assertion that the Mastronardi defendants are "joint employers." (Subsequent Action, Opinion, R. 11, PageID # 329)

This case is one in which Mastronardi USA could have been added to the Prior Action, particularly where Plaintiff insists that she was proceeding on a joint employer basis, and it was only through Plaintiff's own trial strategy that she chose not to add Mastronardi USA and chose not to appeal the Prior Action. In fact, at oral argument in the instant case, the court asked Plaintiff's counsel, "Why would you not just file . . . a proper motion to amend, as Judge Cox outlined for you . . . . instead of filing a new lawsuit?" (Subsequent Action, 6/18/25 Hrg Trans, R. 17, PageID 369, p 22:13-15) Plaintiff's counsel responded because "[a]ll indications were that he [Judge Cox] was not going to allow that." . . . And . . . trying to appeal that would be a waste of time[.] (6/18/25 Hrg Trans, R. 17, PageID 369, p 22:16-17, PageID 370, p 23:1-3) (emphasis added) Thus, it was Plaintiff's own trial strategy that placed her in the position that she is in now, and, under such circumstances, it is Plaintiff that must live with the consequences of such ill-advised strategy. *See Airframe*, 601 F.3d at 18 (recognizing that the plaintiff "made choices to bring piecemeal and sequential litigation, hoping that this strategy would maximize its chances of



29674\481508\286731805.v1

recovery" such that "no unfairness" resulted when the plaintiff's strategy failed)[2]; *see also Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1176 (5th Cir. 1992) (stating the privity test in practical terms, and asking whether the relationship "is close enough to justify the application of res judicata so as to bar a second suit based on the same cause of action as the first suit"); *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972) (recognizing that that "res judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants").

The court also correctly found that Plaintiff failed to show any "good reasons" to justify "a second bite at the apple." (*Id.*, PageID # 331) "[P]laintiff fail[ed] to offer a reasonable explanation for her failure to include Mastronardi USA in the prior litigation[,]" even though she insisted that she was proceeding on a joint employer basis and even though Judge Cox provided Plaintiff with at least three opportunities to correctly amend her complaint. (*Id.*, PageID # 329-330) As set forth above, Plaintiff revealed at oral argument that it was her own trial strategy *not* to seek leave

---

[2] Further to the point of Plaintiff's strategy not to appeal the Prior Action but to instead simply file the Subsequent Action, "[a] litigant cannot collaterally attack a decision, decided adversely to him or her, simply by bringing a subsequent action alleging the same cause of action." *Brown v. Head*, 2004 WL 2884305, at *2 (S.D.N.Y. Dec. 10, 2004). "[Her] recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint." *Brown v. Plansky*, 24 F. Appx. 26, 28 (2d Cir. 2001).

to amend her complaint to add Mastronardi USA, or to file a notice of appeal once judgment was entered against her.

There can be no doubt that it was only by way of Plaintiff's own strategy – as ill-conceived as it may have been – that she chose to bring a successive lawsuit alleging *identical* claims but this time against Mastronardi USA. Plaintiff must now live with her wrongful choice. As *Airframe* aptly recognized:

> The doctrine of claim preclusion serves at least two important interests: **protecting litigants against gamesmanship** and the added litigation costs of claim-splitting, and preventing scarce judicial resources from being squandered in unnecessary litigation. **Those interests are especially implicated in a case like this, where the plaintiff had every opportunity to fully litigate its various claims against the full range of defendants in an earlier suit and made the strategic choice not to do so.** Plaintiffs cannot obtain a second chance at a different outcome by bringing related claims against closely related defendants at a later date.

*Airframe*, 601 F.3d at 14 (emphasis added). Plaintiff had every opportunity to fully litigate her claims against both Mastronardi Canada and Mastronardi USA in the Prior Action – especially when she alleged a joint employer theory. Plaintiff made the strategic choice not to do so. She's now precluded from trying again.

### 5. Plaintiff's Final Unsupported Argument Fails.

Plaintiff's final argument is that "even if privity can sometimes be shown for corporate affiliates, it cannot be resolved against the Plaintiff on this Rule 12(B)(6) [sic] record." (Plaintiff's Appeal Brief, p 15) Plaintiff's argument makes reference

to a single case, *Sanders Confectionary*, 973 F.2d at 481-82, for the single proposition that corporate affiliation is not enough to establish privity. (Plaintiff's Appeal Brief, p 15) Beyond that, Plaintiff offers no authority nor meaningful support for her argument. She once again cites to the district court's finding that the record did not establish control in this case – something Mastronardi USA has shown to be in error, see Argument, Part I, *supra* – but then goes on to argue that dismissal with prejudice at the pleading stage was erroneous. (Plaintiff's Appeal Brief, pp 15-16) Plaintiff's nonsensical argument ignores the review standard for a 12(b)(6) motion based on res judicata as well as the district court's analysis as to why privity exists in this case. Simply put, Plaintiff's argument that is unsupported by authority or meaningful analysis provides no basis to reverse the district court.

## II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION BROUGHT PURSUANT TO FED. R. CIV. P. 59(e).

This Court reviews a district court's decision on a motion brought pursuant to Fed. R. Civ. P. 59(e) for an abuse of discretion. *Intera Corp. v. Henderson*, 428 F.3d 605, 619 (6th Cir. 2005). Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment. *Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 132-33 (6th Cir.1990) (citations and internal quotation marks omitted).

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 619 (6th Cir. 2005).

On appeal, Plaintiff's single-paragraph argument consists of a citation to *Intera* for the proposition that reconsideration under Rule 59(e) may be granted where the underlying decision rests on a clear error of law. (Plaintiff's Appeal Brief, p 16) Then, in a single-sentence assertion, Plaintiff baldly states that the district court's decision granting Mastronardi USA's motion to dismiss is based on an error of law because the court found that the privity element was satisfied. (*Id*.)

Plaintiff's woefully inadequate argument need not be considered as it is waived for appellate review. *See McPherson*, 125 F.3d at 995-96 ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quotation omitted). To the extent that the Court looks beyond Plaintiff's deficiencies, she fares no better. For all of the reasons set forth in Issue I., Argument, *supra*, the district court did not abuse its discretion – *i.e.*, did not make a clear error in judgment – when concluding that the privity element of res judicata was met, and that Plaintiff's Subsequent Action was thus barred.

## CONCLUSION AND RELIEF REQUESTED

For all of the above-stated reasons, Mastronardi USA respectfully requests that the Court affirm the district court's Judgment dismissing Plaintiff's case as well as the district court's Order denying reconsideration.

Respectfully submitted,

CLARK HILL PLC

s/Cynthia M. Filipovich
Cynthia M. Filipovich
Maria Fracassa Dwyer
Robert N. Dare
500 Woodward Avenue
Suite 3500
Detroit, MI 48226
(313) 965-8300
Attorneys for Defendant-Appellee
Mastronardi Produce-USA, Inc

Date: March 4, 2026

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

***Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements***

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the brief contains **10,500** words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared in a proportionally spaced typeface using Microsoft Word 97 in 14-point Times New Roman style.

Respectfully submitted,

s/Cynthia M. Filipovich
Cynthia M. Filipovich

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2026, I electronically filed Defendant-Appellee's Brief on Appeal with the Clerk of the Court using the ECF System which will send notification of such filing to all ECF participants of record.

Respectfully submitted,

s/Cynthia M. Filipovich
Cynthia M. Filipovich



29674\481508\286731805.v1

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS PURSUANT TO 6th Cir. R. 30(b)**

| Record Entry No. | Page ID | Date | Description of Document |
|---|---|---|---|
| | | | |
| **PRIOR ACTION** | | | **E.D. Mich. Case No. 23-13302** |
| 1 | 1-22 | 12/29/2023 | Complaint against Mastronardi Canada |
| 7 | 32-54 | 03/08/2024 | MTD & Compel Arbitration by Mastronardi Canada |
| 12 | 128-140 | 08/22/2024 | Opinion and Order Denying Mastronardi Canada's MTD & Compel Arbitration |
| 13 | 141-165 | 09/05/2024 | Mastronardi Canada Answer and Affirmative Defenses |
| 14 | 166-224 | 09/10/2024 | Rule 12(c) Motion by Mastronardi Canada |
| 16 | 226-241 | 10/05/2024 | Plaintiff's Response to Mastronardi Canada's 12(c) Motion |
| 19 | 252-253 | 10/08/2024 | Order Re Mastronardi Canada's 12(c) Motion |
| 20 | 254-285 | 10/11/2024 | Plaintiff's Motion to Amend/Correct Complaint |
| 22 | 298-349 | 10/21/2024 | Mastronardi Canada's Response to Plaintiff's Motion to Amend/Correct Complaint |
| 25 | 357-368 | 11/08/2024 | Opinion and Order Denying Plaintiff's Conditional Motion to Amend and Converting Mastronardi Canada's Motion for Judgment on the Pleadings into a Summary Judgment Motion |
| 26 | 369-376 | 11/22/2024 | Plaintiff's Supplemental Brief |
| 27 | 327-429 | 11/22/2024 | Mastronardi Canada's Supplemental Brief in Support of Summary Judgment |

| | | | |
|---|---|---|---|
| 28 | 430-444 | 12/02/2024 | Opinion and Order Granting Summary Judgment to Mastronardi Canada |
| 29 | 445 | 12/02/2024 | Judgment in favor of Mastronardi Canada |
| | | | |
| | | | |
| **SUBSEQUENT ACTION** | | | **E.D. Mich. Case No. 24-13195** |
| 1 | 1-23 | 12/02/2024 | Plaintiff's Complaint |
| 6 | 31-66 | 02/19/2025 | Mastronardi USA's Motion to Dismiss Based on Res Judicata |
| 6-2 | 69-70 | 02/19/2025 | Email chain |
| 6-3- | 71-76 | 02/19/2025 | Email chain |
| 6-4 | 78-80 | 02/19/2025 | *Helfrich v. Metal Container Corp.*, 11 Fed. Appx 574 (6th Cir. 2001) |
| 6-5 | 82-91 | 02/19/2025 | *Federated Departmnt Stores, Inc. v. Moitie*, 452 U.S. 394 (1981) |
| 6-6 | 93-96 | 02/19/2025 | *Holder v. City of Cleveland*, 287 Fed. Appx 468 (6th Cir. 2008) |
| 6-7 | 98-109 | 02/19/2025 | *Living Care Alternatives of Kirkersville, Inc. v. United States*, 247 Fed. Appx 687 (6th Cir. 2007) |
| 6-8 | 111-179 | 02/19/2025 | *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 223 FRD 566 (D. Kansas 2004) |
| 6-9 | 181-182 | 02/19/2025 | *Dunlap v. Cottman Trans. Sys., LLC*, 689 Fed. Appx 188 (4th Cir. 2017) |
| 6-10 | 184-197 | 02/19/2025 | *Sanders Confectionary Prods, Inc. v. Heller Finan., Inc.*, 973 F.2d 474 (6th Cir. 1992) |
| 7 | 198-216 | 03/12/2025 | Plaintiff's Resp in Opposition to Mastronardi USA's MTD Based on Res Judicata |
| 7-1 | 218-239 | 03/12/2025 | Plaintiff's Complaint in the Prior Action |
| 7-2 | 241-265 | 03/12/2025 | Mastronardi Canada's Rule 12(c) Motion in the Prior Action |



29674\481508\286731805.v1

| | | | |
|---|---|---|---|
| 7-3 | 267-298 | 03/12/2025 | Plaintiff's Conditional Motion for Leave to Amend in the Prior Action |
| 8 | 299-310 | 03/24/2025 | Mastronardi USA's Reply Brief in Support of MTD Based on Res Judicata |
| 11 | 315-334 | 07/31/2025 | Opinion and Order Granting Mastronardi USA's Motion to Dismiss Based on Res Judicata |
| 12 | 335 | 07/31/2025 | Judgment in favor of Mastronardi USA |
| 13 | 336-343 | 08/28/2025 | Plaintiff's Motion for Reconsideration Pursuant to Rule 59(e) |
| 14 | 344-345 | 09/12/2025 | Order Denying Motion for Reconsideration |
| 15 | 346 | 09/12/2025 | Notice of Appeal |
| 17 | 348-386 | 11/04/2025 | Transcript of 6/18/2025 Hearing on Mastronardi USA's Motion to Dismiss Based on Res Judicata |