No. 25-1836

In the
United States Court of Appeals
For the Sixth Circuit

**DIAMOND WILLIAMS,**

**Plaintiff-Appellant,**

v.

**MASTRONARDI PRODUCE-USA, INC.,**

**Defendant-Appellee**.

On Appeal from the United States District Court
for the Eastern District of Michigan
Docket No. 2:24-cv-13195
Honorable David M. Lawson

# PLAINTIFF-APPELLANT DIAMOND WILLIAMS REPLY BRIEF

CARLA D. AIKENS, P.L.C.
Carla D. Aikens (P69530)
615 Griswold Street, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
(844)835-2993
*Attorneys for Plaintiff-Appellant*

Dated: March 25, 2026

# ARGUMENT

## I. Appellant Preserved the Dispositive Issue, and Appellee's Waiver Argument Fails.

Appellee opens with a waiver argument, but there is no waiver here. Appellant's opening brief expressly challenged the district court's conclusion that this second action satisfied the 'same parties or privies' element of claim preclusion even though Mastronardi Produce-USA, Inc. ("Mastronardi-USA") was not a party to the earlier action and the district court acknowledged that the record did not establish that Mastronardi-USA controlled the earlier litigation. Appellant's opening brief also specifically argued that the district court improperly relied on a broader "close and significant relationship" rationale instead of the Sixth Circuit's required 'same parties or privies' analysis. Those arguments preserved the issue.

That is the dispositive question because, under settled Sixth Circuit law, claim preclusion requires a subsequent action between the same parties or their privies. *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). This appeal has always turned on whether the district court lawfully could bind a nonparty to the first judgment under that standard, and Appellant challenged precisely that element in the opening brief.

Appellee's effort to recast the opening brief as merely perfunctory therefore misses the point. The legal issue was identified, argued, and supported by controlling

authority. This Court should reject the waiver argument and reach the merits.

## II. The District Court Applied the Wrong Legal Standard for Nonparty Claim Preclusion.

The district court's order is unusually candid about what it did, and that is precisely why reversal is warranted.

The court correctly began with the Sixth Circuit's four-part test from Bittinger, including the requirement that the second action be between the same parties or their privies. Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 880 (6th Cir. 1997). The court then acknowledged two points that should have ended the inquiry: claim preclusion ordinarily binds parties, not strangers to the first judgment, see Taylor v. Sturgell, 553 U.S. 880, 892-95 (2008); Richards v. Jefferson Cnty., 517 U.S. 793, 797-98 (1996), and the record did not establish that Mastronardi-USA controlled the prior case, one of Taylor's recognized exceptions. 553 U.S. at 895.

Instead of stopping there, the district court adopted what it called the "better approach," a broader form of nonmutual defensive claim preclusion drawn from out-of-circuit authority such as Airframe Systems. Under that approach, privity became effectively optional so long as the two defendants had a close and significant relationship and the plaintiff supposedly lacked a sufficient reason for filing a second suit. That was legal error because federal nonparty preclusion is not governed by a free-floating fairness inquiry.

### *A. The Supreme Court forbids free-floating, nonparty preclusion theories.*

In Taylor v. Sturgell, the Supreme Court rejected expansive, free-form nonparty-preclusion theories untethered to recognized categories. 553 U.S. 880, 893-95 (2008). Taylor identifies limited circumstances in which a nonparty may be bound, including agreement, certain substantive legal relationships, adequate representation, control, proxy litigation, and special statutory schemes. Id. at 893-95. Richards v. Jefferson County likewise holds that, consistent with due process, a person ordinarily is not bound by a judgment in litigation to which she was not a party. 517 U.S. 793, 797-98 (1996). Smith v. Bayer Corp. reiterates the same point: absent a recognized exception, a court cannot bind "someone who was not a party" to the earlier case. 564 U.S. 299, 312-13 (2011).

The district court cited Taylor, but then did the opposite of what Taylor requires. It conceded the absence of control, acknowledged complications with identity of interests, and nevertheless applied a broader "better approach" because it thought that approach was more sensible. Taylor does not permit a court to replace recognized limits on nonparty preclusion with a broader equitable shortcut.

### *B. Sixth Circuit law does not authorize the district court's "better approach."*

The Sixth Circuit's governing test is not optional. Bittinger requires that the

later action be between the same parties or their privies. 123 F.3d at 880. And Sanders explains what privity means in this context: a successor in interest, a person who controlled the earlier action, or a person whose interests were adequately represented there. Sanders Confectionery Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 481 (6th Cir. 1992). The district court cited Bittinger, but then substituted a looser test under which a nonparty defendant could invoke preclusion without establishing any recognized privity category at all.

No controlling Sixth Circuit case authorizes that move. The order itself recognized that the Sixth Circuit has not definitively approved dispensing with privity in these circumstances. Where controlling law requires the same parties or privies, a district court may not broaden the doctrine by importing an out-of-circuit standard under which privity becomes unnecessary.

Appellee cannot rescue the ruling by invoking abstract policies of finality. Allen v. McCurry explains why preclusion doctrines exist, 449 U.S. 90, 94 (1980), but policy does not override the Supreme Court's due process limits or the Sixth Circuit's elements. Finality matters, but it does not authorize binding a nonparty outside the recognized rules.

### *C. Appellee's "second bite at the apple" rhetoric does not answer the legal question.*

Appellee, echoing the district court, frames this case as an effort to obtain a

"second bite at the apple." But that rhetoric obscures the actual issue. The first case was against Mastronardi Canada. The second case is against Mastronardi-USA. The question is not whether Plaintiff gets a second merits adjudication against the same defendant. The question is whether a different defendant may invoke a prior judgment despite not being a party to it. That is a nonparty preclusion question, and under *Taylor*, *Richards*, and *Bittinger*; it cannot be answered by generalized notions of fairness or by judicial frustration with Plaintiff's litigation choices.

## III. Appellee Still Cannot Satisfy the Sixth Circuit's "Same Parties or Privies" Requirement.

Even if this Court sets aside the district court's threshold legal error and analyzes the case under the correct Sixth Circuit standard, Appellee still loses.

### *A. Parent subsidiary status alone is insufficient.*

The district court correctly recognized that the parent-subsidiary relationship does not, by itself, establish privity. That recognition is consistent with Sixth Circuit law.

In *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, this Court rejected the notion that corporate affiliation alone automatically establishes privity. 973 F.2d 474, 481-82 (6th Cir. 1992). Whatever commonality may exist between related corporations, preclusion still requires a legally cognizable basis to treat the nonparty as bound by the earlier judgment. That basis is absent here.

***B. The district court expressly found no record evidence of control.***

The district court found that the record did not support the proposition that Mastronardi-USA, the subsidiary, assumed control of the prior litigation against its parent. That finding is devastating to Appellee's position. Control is one of the recognized bases for nonparty preclusion under *Taylor*. 553 U.S. at 895. The absence of control therefore removes one of the principal recognized categories for binding a nonparty.

Nor did the district court find adequate representation in any recognized sense. Instead, it admitted that the identity-of-interests analysis presented complications. That should have foreclosed dismissal.

***C. Shared counsel and generalized "common goals" do not establish privity.***

Unable to identify control, the district court relied on two weaker points: first, the entities share the same attorneys who are directing the litigation strategy; and second, they shared a common goal of identifying the correct employer. Neither suffices.

Shared counsel does not collapse distinct corporations into a single litigating party. Corporate affiliates often use common counsel while maintaining separate liabilities and distinct interests. If shared counsel alone established privity, the "same parties or privies" requirement would become meaningless in many corporate cases.

Nor does a generalized interest in identifying the correct employer establish the necessary identity. In the first case, Mastronardi Canada prevailed by insisting that it was not Plaintiff's employer and that Plaintiff had sued the wrong entity. Its defense depended on corporate separateness. In this case, Mastronardi-USA seeks to convert that same separateness into sameness for preclusion purposes. Federal claim-preclusion law does not permit that move absent an actual recognized basis for privity. *See Taylor*, 553 U.S. at 893-95; *Sanders*, 973 F.2d at 481.

Appellee cannot have it both ways. It cannot obtain judgment in the first case by insisting the entities are materially different, then obtain dismissal in the second case by insisting they are materially the same, all without satisfying a recognized basis for privity under federal law. And although Appellant does not need to invoke formal judicial estoppel to win this appeal, the Supreme Court has made clear that courts may not permit a litigant to gain an unfair advantage by prevailing on one position and later pressing a contrary one. *New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001). That concern is especially acute here.

***D. Plaintiff's inability or failure to amend does not create privity.***

The district court devoted substantial space to Plaintiff's purported failure to amend in the prior case, including its view that Plaintiff had multiple opportunities to do so. Even if the court's characterization is accepted, that still does not answer the preclusion question.

There is no rule that a plaintiff who fails to secure amendment in the first case is forever barred from suing a nonparty in the second case. Claim preclusion is not a substitute for compulsory joinder, and it is not a sanction for unsuccessful amendment practice. The question remains whether the later action is against the same party or a recognized privy. *Bittinger*, 123 F.3d at 880; *Sanders*, 973 F.2d at 481.

The district court's focus on amendment procedure, including its reliance on *Begala* and *Leisure Caviar* in discussing the prior case, may explain why it was frustrated with Plaintiff's litigation strategy. But frustration does not create privity, and it does not authorize dismissal of a suit against a different defendant on a Rule 12(b)(6) record that failed to establish a recognized basis for binding that defendant to the earlier judgment.

### ***E. Even if privity were potentially possible, it could not be resolved against plaintiff on this Rule 12(b)(6) record.***

This case was dismissed at the pleading stage under Rule 12(b)(6), and that matters. A preclusion defense may support dismissal only when it is apparent from the pleadings and properly noticeable materials. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010). When the defense depends on unresolved, fact-intensive issues, dismissal is improper.

Here, the district court itself acknowledged that: (1) the record did not show

that Mastronardi-USA controlled the prior litigation, and (2) the identity-of-interests analysis presented complications. Those admissions defeat dismissal at the pleading stage.

Privity, particularly between separate corporate entities, is not a purely formal question. It may turn on control, representation, indemnity, substantive legal relationships, operational overlap, or other record-specific facts. *Sanders Confectionery*, 973 F.2d at 481-82; *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 193 F.3d 415 (6th Cir. 1999). Where the record is insufficient to establish those facts as a matter of law, the court cannot simply infer privity against the plaintiff and dismiss with prejudice.

The district court instead stacked inferences based on the parent-subsidiary relationship, shared counsel, overlapping allegations, and the court's view that Plaintiff should have amended earlier. But on a Rule 12(b)(6) motion, inferences must be drawn in Plaintiff's favor, not against her. *Buck*, 597 F.3d at 816.

At minimum, if this Court does not reverse outright based on the legal-standard error, it should still reverse because the record did not establish privity as a matter of law on a motion to dismiss.

## II. The Rule 59(e) Order Necessarily Falls with the Underlying Dismissal.

The district court denied reconsideration on the ground that Plaintiff's Rule 59(e) motion "merely reiterates and rehashes arguments" the court already

addressed.

But that does not save the order if the underlying dismissal rested on legal error. A district court abuses its discretion when it applies an erroneous legal standard. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Plaintiff's Rule 59(e) motion argued that the dismissal improperly extended res judicata to a nonparty without satisfying the Sixth Circuit's 'same parties or privies' requirement. That was not mere repetition for repetition's sake. It was an effort to correct the dispositive legal flaw in the judgment.

If this Court concludes, as it should, that the district court applied the wrong standard for nonparty claim preclusion, then the Rule 59(e) denial necessarily must be vacated as well.

## **CONCLUSION AND REQUESTED RELIEF**

The district court dismissed this action with prejudice against a defendant that was not a party to the prior case, expressly acknowledged that the record did not establish control of the earlier litigation, recognized complications in the identity-of-interests analysis, and then adopted a broader out-of-circuit "better approach" under which privity became unnecessary. That approach cannot be squared with *Taylor's* limits on nonparty preclusion, *Richards's* due-process rule that strangers to a judgment ordinarily are not bound, or the Sixth Circuit's insistence that claim preclusion requires the same parties or their privies.

Nor can the judgment be reconciled with the position Mastronardi's side took in the first case. Having prevailed there by insisting that Mastronardi Canada was not the employer and that Plaintiff sued the wrong entity, Appellee cannot avoid this suit by treating that same corporate distinction as immaterial unless it satisfies a recognized basis for privity. It did not.

For those reasons, Plaintiff-Appellant respectfully requests that this Court reverse the judgment dismissing the complaint, vacate the order denying Plaintiff's Rule 59(e) motion, and remand this case for proceedings on the merits.

Dated: March 25, 2026

Respectfully submitted,
/s/ Carla D. Aikens
Carla D. Aikens (P69530)
CARLA D. AIKENS, P.L.C.

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B). The foregoing brief contains 2,222 words in 14-point proportionally spaced type. The brief was prepared in Microsoft Word.

Dated: March 25, 2026

*/s/ Carla D. Aikens*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon all parties in this case through the Court's electronic filing system on March 25, 2026.

/s/ Carla D. Aikens